ERZA JOSSELYN & *al.* *versus* JOSEPH HUTCHINSON.

By a devise to L. J. of "the whole of my estate of every name and nature, both real and personal, of which I may die possessed, after paying my just debts," the devisee takes an estate in fee in the lands of the testator.

WRIT OF ENTRY, demanding a tract of land in Fayette. A statement was made by the parties from which it appeared, that the land was the property of Isaac Josselyn, deceased. The demandants are his heirs at law, and the tenant has the title of Lois Josselyn, the widow, derived under the will. The will was dated December 2, 1814, and was duly proved and allowed. Excepting the formal parts, the whole will was in these words : —

" I give and bequeath unto my beloved wife, Mrs. Lois Josselyn, the whole of my estate of every name and nature, both real and personal, of which I may die possessed, after paying my just debts. And I hereby appoint Ezra Josselyn sole executor of this my last will and testament, hereby revoking all former wills by me made. Let it be remembered, in this last will and testament of mine, I did not forget my children nor grandchildren."

The only question presented, was, whether Lois Josselyn took by the will an estate in fee simple, or only for life. A nonsuit was ordered, which was to be set aside, if the widow took but a life estate.

*Morrill* argued for the demandants, and cited, 13 Wend. 578; 18 Johns. R. 31; 8 Mass. R. 3; 12 Johns. R. 389; 4 Kent, 536; 6 Har. & Johns. 205; 11 East, 220; 10 Wheat. 204; Bac. Abr. Title, Wills; 4 Kent, 538.

*Howe* argued for the tenant, and cited, 12 Johns. R. 389; 18 Pick. 537; 6 Johns. R. 185; 11 Johns. R. 365; 17 Johns. R. 281 ; 12 Wend. 602; Cowper, 299.

The opinion of the Court was drawn up by

TENNEY J. — The demandants claim the land described in their writ, as the heirs at law of Isaac Josselyn, deceased. The defendant resists that claim, and asserts a title in himself under a deed to him from Lois Josselyn, deceased, the widow and devisee of the said Isaac. The will of Isaac was duly proved and approved. The only question is, did the defendant's grantor take by the will an estate in fee or only for life?

The language of the will is, "First, I give and bequeath to my beloved wife, Lois Josselyn, the whole of my estate of every name and nature, both real and personal, of which I may die possessed, after paying my just debts."

Though it may be necessary, in order to pass a fee simple estate by deed, that the word "heirs" should be inserted, it has long been settled, that it is not required in a will, provided it appear by some terms of limitation therein, either express or implied, that it was the intention of the testator to devise an estate of inheritance. If such be wanting, an estate for life only passes by the will. The words "all the estate" of the testator passes a fee simple. The language used in the will before us, "the whole of my estate, of every name and nature, both real and personal," may be regarded, if possible, still stronger. Within the term "estate of every name and nature" must be included a reversionary interest, as well as an estate for life, and is repugnant to the idea, that only the latter was intended. 6 Cruise's Digest, 244. The cases cited by the defendant's counsel are numerous and conclusive; and by the agreement of the parties, the nonsuit must stand.